# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 12, 2012

## STATE OF TENNESSEE v. EDDIE WAYNE SHELTON

**Appeal from the Circuit Court of Dyer County**
**Nos. C05314, C05346A, C05416, 09CR59    Lee Moore, Judge**

**No. W2012-00275-CCA-R3-CD  - Filed June 20, 2012**

Eddie Wayne Shelton ("the Defendant") pleaded guilty to two counts of sale of less than 0.5 grams of cocaine, one count of possession with the intent to sell 0.5 grams or more of cocaine, and two counts of sale of 0.5 grams or more of cocaine.  Pursuant to the plea agreement, the Defendant was sentenced to an effective sentence of ten years to be served in community corrections.  Upon the filing of a revocation warrant, the Defendant was taken into custody, and a probation revocation hearing was held.  At the conclusion of the hearing, the trial court revoked the Defendant's probation and ordered him to serve the remainder of his sentence in confinement.  The Defendant appeals the trial court's ruling.  We affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROGER A. PAGE, JJ., joined.

James E. Lanier, District Public Defender, and Christy C. Cooper, Assistant District Public Defender, Dyersburg, Tennessee, for the appellant, Eddie Wayne Shelton.

Robert E. Cooper, Jr., Attorney General & Reporter; Jeffrey D. Zentner, Assistant Attorney General; Phillip Bivens, District Attorney General; Karen Burns, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner pleaded guilty on November 8, 2005, to two counts of sale of less than 0.5 grams of cocaine, one count of possession with the intent to sell 0.5 grams or more of cocaine, and two counts of sale of 0.5 grams or more of cocaine.  Pursuant to the plea

agreement, the trial court sentenced the Defendant to an effective sentence of ten years to be served in community corrections. In 2008, the Defendant sought permission to transfer his probation to Florida in order to live with his sister. Florida approved the transfer. On November 17, 2008, the Defendant's Tennessee probation officer, Becky Cashion, received a report from the Florida Probation Office regarding some new arrests. Following a probation violation hearing on these reports, the Dyer County Circuit Court dismissed the violation report and ordered the Defendant to remain on supervised probation. On June 26, 2011, Cashion filed another probation violation report, alleging the Defendant violated his probation by receiving convictions in Florida for possession of cocaine and possession of drug paraphernalia. During the probation hearing on November 1, 2011, it became apparent that the State did not have certified copies of the Defendant's Florida convictions. The circuit court agreed to reset the hearing for November 15, 2011.

At the probation hearing, Becky Cashion testified she received notice from the Florida Probation Office that on July 12, 2011, the Defendant pleaded guilty and was convicted of possession of cocaine and possession of drug paraphernalia. Cashion provided certified copies of those convictions to the court. She confirmed that the Defendant was on probation at the time of these offenses and subsequent convictions and that these offenses violated the terms of his probation. The Defendant testified that he was convicted of drug paraphernalia. However, he stated that somehow he did not realize that he pleaded guilty to and was convicted of possession of cocaine until coming back to Tennessee for the probation hearing.

The circuit court stated that even if the Defendant only had the conviction for possession of drug paraphernalia, that conviction still would violate his probation because it is a criminal offense. Accordingly, the court revoked the Defendant's probation and placed him in the custody of the Tennessee Department of Corrections. The Defendant appeals, arguing that the court erred in revoking the Defendant's probation. We affirm the circuit court's decision pursuant to Rule 20, Rules of the Court of Criminal Appeals.[1]

---

[1] Rule 20 provides as follows:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:
(1)(a) The judgment is rendered or the action is taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge, . . . and
(2) No error of law requiring a reversal of the judgment or action is apparent on the record.

Tenn. Ct. Crim. App. R. 20.

Tennessee Code Annotated section 40-35-311 provides that, in a probation revocation proceeding, the court "may enter judgment upon the question of the charges as the trial judge may deem right and proper under the evidence adduced before the trial judge." Tenn. Code Ann. § 40-35-311(d) (2010). Additionally,

> [i]f the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence, and:
>
> (A) Cause the defendant to commence the execution of the judgment as originally entered, or otherwise, in accordance with [section] 40-35-310; or
>
> (B) Resentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration authorized by chapter 36 of this title; provided, that the violation of probation and suspension is a technical one and does not involve the commission of a new offense.

Id. § 40-35-311(e)(1); see also State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999).

Thus, the State only must prove that the defendant violated the terms of his or her probation by a preponderance of the evidence. In this regard, "[t]he trial judge has a duty at probation revocation hearings to adduce sufficient evidence to allow him [or her] to make an intelligent decision." State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991); see also State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991) ("The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment.") (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)).

On appeal, we will not disturb the trial court's decision to revoke probation absent an abuse of discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001); see also State v. Reams, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). We will grant relief only when "'the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved.'" Shaffer, 45 S.W.3d at 555 (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

Here, the trial court did not abuse its discretion. Despite the Defendant's assertion that he unknowingly was convicted of possession of cocaine,[2] he also received a conviction

_____

[2] The Defendant maintained this position despite the fact that the State had a certified copy of his
(continued...)

for possession of drug paraphernalia. Thus, because criminal offenses violate the terms of his probation, the Defendant clearly violated his probation when he committed the offense of possession of drug paraphernalia. Moreover, the trial court also noted that the Defendant previously had violated probation. Therefore, the trial court appropriately concluded that the Defendant would be required to serve the remainder of his original sentence. Accordingly, pursuant to Rule 20, Rules of the Court of Criminal Appeals, we affirm the trial court's decision to revoke the Defendant's probation and to require him to serve the remainder of his original sentence.

_____
JEFFREY S. BIVINS, JUDGE

---

[2](...continued)
conviction for this offense. We note that the Defendant claimed in his brief that the trial court abused its discretion in granting the State a continuance to obtain the certified copies. We hold that the trial court did not abuse its discretion in granting the continuance. Thus, the record also clearly supported finding a violation of his probation for this conviction. The trial court, apparently out of an abundance of caution, relied only on the drug paraphernalia conviction.